10-1153-cr
United States v. Samlal

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17ᵗʰ day of March, two thousand eleven.

PRESENT: DENNIS JACOBS,
                              **Chief Judge**,
              ROSEMARY S. POOLER,
              PETER W. HALL,
                              **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
        **Appellee**,

        -v.-                                          10-1153-cr

GILDA SAMLAL,
        **Defendant-Appellant**.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:        Colleen P. Cassidy, Federal Defenders of New York, Inc., Appeals Bureau, New York, New York.

FOR APPELLEE:         Karin Orenstein, Assistant United States Attorney (Susan Corkery, Assistant United States Attorney, on the brief), for Loretta E. Lynch, United States Attorney for the Eastern District of New York.

Appeal from judgment of conviction in the United States District Court for the Eastern District of New York (Townes, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Defendant-Appellant Gilda Samlal ("Samlal") appeals from a conviction for smuggling an alien into the United States for private financial gain, in violation of 8 U.S.C. § 1324.  Samlal challenges her conviction on the ground that the district court erred in admitting prior act evidence pursuant to Fed. R. Evid. 404(b) to establish knowledge.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review evidentiary rulings for abuse of discretion. United States v. Mercado, 573 F.3d 138, 141 (2d Cir. 2009). "To find such abuse, we must conclude that the trial judge's evidentiary rulings were arbitrary and irrational."  United States v. Paulino, 445 F.3d 211, 217 (2d Cir. 2006) (internal quotation marks omitted).

"To determine whether a district court properly admitted other act evidence, we consider whether '(1) the prior acts evidence was offered for a proper purpose; (2) the evidence was relevant to a disputed issue; (3) the probative value of the prior act evidence substantially outweighed the danger of its unfair prejudice; and (4) the court administered an appropriate limiting instruction.'" Mercado, 573 F.3d at 141 (quoting United States v. Brand, 467 F.3d 179, 196 (2d Cir. 2006); see also Huddleston v. United States, 485 U.S. 681, 691-92 (1988) (setting forth the four factors a district court should consider when evaluating Rule 404(b) evidence).  "In so doing, we take an 'inclusionary approach.'"  Mercado, 573 F.3d at 141. (quoting United States v. Lasanta, 978 F.2d 1300, 1307 (2d Cir. 1992)).

The Huddleston factors were satisfied.  The evidence was offered for the proper purpose of establishing that Samlal either knew, or recklessly disregarded the fact, that the child she escorted was different from the person

identified in the passport that the alien used.  Taken as a whole, the following evidence was relevant to establishing Samlal's knowledge: (1) Samlal had escorted four different people, who used recycled passports; (2) on two occasions (December 2007 and August 2008) the same passport was used for different people; (3) she received between $1,500 and $2,000 to perform a service that airlines perform for $75-$100; and (4) an agent of Customs and Border Patrol had warned her in April 2008 about the consequences of escorting illegal aliens.  Finally, the district court gave several limiting instructions, during the trial and in its final charge, directing the jury to consider the evidence solely for the purpose of Samlal's state of mind.  See Mercado, 573 F.3d at 141-42 (2d Cir. 2009) ("The evidence was also accompanied by a careful and thorough instruction limiting the evidence to relevant Rule 404 grounds.  That instruction was delivered on several occasions during testimony as well as in clear jury instructions on the issue.  In light of the purpose and value of the evidence, and of the limiting instructions, we find no abuse of discretion in deeming the evidence admissible under Rule 404.").

Accordingly, we find that the district court did not abuse its discretion in admitting the prior act evidence and thus affirm the judgment of conviction.

We have considered Samlal's remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of conviction is **AFFIRMED**.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, CLERK

3